(78 Misc. Rep. 87.)

In re OBJECTIONS TO NOMINATION CERTIFICATE FOR ALDERMEN IN CITY OF COHOES.

(Supreme Court, Albany County, At Chambers. October 25, 1912.)

CONSTITUTIONAL LAW (§ 48*)—CONSTITUTIONALITY OF STATUTES.

A statute should not be held unconstitutional, especially by a justice sitting at Special Term or at chambers, unless the question is free from doubt.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46; Dec. Dig. § 48;* Statutes, Cent. Dig. § 56.]

In re nomination certificate for aldermen in the city of Cohoes. Certificates declared invalid.

Charles Templeton, of Albany, for objectors.
Walter H. Wertime, of Cohoes, for respondents.

CHESTER, J. In applying the principles enunciated in Matter of Bailee, 137 N. Y. Supp. 957, decided herewith, the following results are obtained:

In the Second ward case there are 115 names on 19 separate sheets. Of these 10 are not registered voters and 6 are duplicated. The duplicated names appear on 8 separate sheets containing 46 other names, on each of which sheets excepting one containing 21 names the 5 per centum rule must apply. A deduction of 47 names must be made leaving 68 to be counted.

In the Fourth ward case there are 111 names on 29 separate sheets. Of these 5 are not registered, 1 is not a resident of the ward, and 1 is duplicated. The duplicated name appears on two separate sheets containing 10 other names, on each of which the 5 per centum rule must apply. A deduction of 18 names must be made, even though the 5 per centum rule is not applied to the sheet where the nonresident has signed. It is not necessary to determine that question in this case. Only 93 names are properly to be counted in this case.

In the Fifth ward case there are 101 names on 25 separate sheets. Of these 2 are not registered, and 1 is a nonresident of the ward, leaving only 98 names to be counted, without applying the 5 per centum rule to the sheet where the nonresident has signed.

In the Sixth ward there are 104 names on 19 separate sheets. Of these 3 are not registered, 1 is a nonresident of the ward, and 4 are duplications. The duplicated names appear on 7 separate sheets containing 47 other names, on each of which the 5 per centum rule must apply. Fifty-nine names must be deducted, leaving 45 only to be counted.

It is claimed by the respondents that the provision of the Election Law (Consol. Laws 1909, c. 17, § 122), requiring 100 voters to join in making an independent certificate for the nomination of a candidate for ward officers in a city, is unconstitutional because being unreasonable. This provision in the law is not a recent one, and the statutes have to be examined back to chapter 680 of the Laws of 1892,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

where in section 57 a less number is required. Under the amendments to this section in 1896 (chapter 909), of 1899 (chapter 363), and 1901 (chapter 604) 100 names have been required. It does not appear that during all these years when that number have been required any judicial determination has been made that the number is unreasonable.

It is a well-settled principle that a provision of law should not be held unconstitutional, unless the question is free from doubt, and especially not by a justice sitting at Special Term or at chambers. I do not think under the evidence in these cases in respect to the number of registered electors in these several wards that I would be justified in holding the requirement of the statute to be so unreasonable as to render the unconstitutionality of the provisions free from doubt. I think, therefore, that the provision of the statute requiring 100 names must govern. This being so, it results in a determination that each of the four certificates in question purporting to nominate independent candidates for aldermen in these several wards is insufficient, and that each of such certificates must be declared to be invalid.